

ELEFTERAKIS
ELEFTERAKIS
& PANEK

eeplaw.com
80 Pine Street, 38th Floor
New York, New York 10005
T. 212.532.1116 F. 212.532.1176

December 7, 2023

*Via ECF*

The Honorable Lois Bloom
Chief United States Magistrate Judge
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

  Re: *Asuai v. United States of America*, 23 CV 5335 (EK) (LB)

Dear Honorable Judge Bloom:

  I represent plaintiff Victor Asuai in the above-captioned Federal Tort Claims Act ("FTCA") matter and write to respectfully request, pursuant to Fed. R. Civ. P. 4(m), that plaintiff's time to serve defendant be extended *nunc pro tunc* such that service is deemed to have been timely effectuated. I also write to apologize for inadvertently failing to comply with the prior order.

  Pursuant to Fed. R. Civ. P. 4(m), this Court may extend the time for service for an appropriate period of time, even in the absence of good cause. *See Zapata v. City of New York*, 502 F.3d 192, 196 (2d Cir. 2007) ("We hold that district courts have discretion to grant extensions even in the absence of good cause."); *see Mares v. United States*, 627 F. App'x 21, 24 (2d Cir. 2015) (summary order) ("A district court may extend time to complete service if "after balancing the relative prejudice to the parties and considering all relevant factors, it concludes that such an extension is justified.") (citing *Zapata*, 502 F.3d at 198-99).

  On October 11, 2023, Your Honor issued an order directing plaintiff to properly serve defendant and file proof of proper service of process on or before November 10, 2023. The next day, the undersigned received an ECF Activity email from this Court containing what I initially understood to be a summary update only on one of my other federal cases – *Jimenez Reyes v. Target Corporation*.[1]

  Unfortunately, I only first learned of the aforementioned order last night when a paralegal at this firm conducted a routine check of the docket in this case and discovered it. This prompted the undersigned to search through my inbox to determine whether I had received an e-mail notification concerning the order. At this time, I discovered that the Court's October 12, 2023 e-

---

[1] The e-mail as received by the undersigned is annexed hereto as **Exhibit "A."**

mail contained a summary of several cases and the notification for the aforementioned court order was buried at the bottom of the email below numerous other case summaries.[2]

Immediately upon learning of my inadvertent inaction, I undertook a swift course of action to rectify my mistake. More specifically, I promptly and properly served defendant with the Summons and Complaint.[3] I fully recognize the error that I have made and take responsibility for my oversight. However, I respectfully submit, for the reasons outlined above and further expanded upon below, that good cause and the interests of justice warrant granting the relief requested.

As a preliminary matter, I had been under the impression that service of process had been effectuated herein based upon the good faith – albeit insufficient – efforts taken by plaintiff to serve the defendant. For the reasons previously set forth herein, I only first became aware that this was not the case last night. As such, it is respectfully submitted that the spirit of Fed. R. Civ. P. 4(m), under which the aforementioned order was issued, was complied with.

Moreover, and perhaps most importantly, there is no prejudice to defendant herein. Notably, defendant has been on notice of plaintiff's claims since, at the very least, June 27, 2022.[4] Given this, defendant had actual notice of plaintiff's claim for more than a year prior to plaintiff's initial service attempt. *See May v. Levy*, ___ F.Supp.3d ___, 21 CV 3586(KAM)(LB), 2023 WL 2386380, *3 (E.D.N.Y. Mar. 7, 2023) ("Magistrate Judge Bloom recommended that Nassau County Defendants' Rule 12(b)(5) motion to dismiss for improper service be denied: although Plaintiff did not demonstrate proper service under New York CPLR § 308, the Court may liberally construe Federal Rule of Civil Procedure 4 where a party has received actual notice.").

If it should please the Court, I have taken corrective steps following the discovery of my mistake to ensure that this does not happen again. I am now aware that ECF sends summaries on multiple federal cases in the body of the same e-mail. As a result, I now know to read the entirety of this type of email and that I should not stop reading after I process the information on the first case listed.

Finally, it must be mentioned that plaintiff will suffer grave and undue prejudice in the event that his prayer for relief sought herein is denied. Plaintiff will undoubtably suffer irreparable harm if he is not given an extension of his time to properly serve defendant, as the statute of limitations has run herein. As such, it is respectfully submitted that it would be unfair to deny plaintiff his day in Court given the circumstances outlined above.

Thank you for your consideration of this request.

Respectfully submitted,

Andrey Demidov

Encl.

---

[2] *See id.*
[3] Annexed hereto as **Exhibit "B."**
[4] Annexed hereto as **Exhibit "C"** is a letter from the U.S. Department of Justice, dated October 26, 2023, acknowledging that Plaintiff's administrative tort claim, dated June 24, 2023, was received on June 27, 2023.